IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR LUKASZEWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-1185 |
| | ) | |
| v. | ) | Judge Arthur J. Schwab |
| | ) | Magistrate Judge Cathy Bissoon |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

This matter comes before the Court on cross-Motions for Summary Judgment filed by the parties pursuant to Federal Rule of Civil Procedure 56. ECF Nos. 10 & 13. It is respectfully recommended that Defendant's Motion (ECF No. 13) be denied, that Plaintiff's Motion (ECF No. 10) be denied to the extent that it requests an immediate award of benefits but granted to the extent that it seeks a vacation of the decision of the Commissioner of Social Security ("Commissioner"), and that the case be remanded for further administrative proceedings.

**II. REPORT**

**PROCEDURAL HISTORY**

On June 26, 2004, Plaintiff Victor Lukaszewicz ("Lukaszewicz") protectively applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act ("Act") [42 U.S.C. §§ 401-433, 1381-1383f], alleging disability as of July 1, 2003. R. at 12, 53, 74, 257. The applications were administratively denied on December 2, 2004. R. at 12, 37. Lukaszewicz responded by filing a

1

timely request for an administrative hearing. R. at 41. On October 25, 2006, a hearing was held in Pittsburgh, Pennsylvania, before Administrative Law Judge Elliott Bunce (the "ALJ"). R. at 263. Lukaszewicz, who was represented by counsel, appeared and testified at the hearing. R. at 267-285. Dr. William Houston Reed, an impartial vocational expert, also testified at the hearing. R. at 287-291. In a decision dated May 22, 2007, the ALJ determined that Lukaszewicz was not "disabled" within the meaning of the Act. R. at 9-19. The Appeals Council denied Lukaszewicz's request for review on July 12, 2010, thereby making the ALJ's decision the final decision of the Commissioner in this case. R. at 4.

Lukaszewicz commenced this action on September 7, 2010, seeking judicial review of the Commissioner's decision. ECF Nos. 1 & 2. Lukaszewicz and the Commissioner filed motions for summary judgment on January 31, 2011, and March 2, 2011, respectively. ECF Nos. 10 & 13.

**STANDARD OF REVIEW**

This Court's review is plenary with respect to all questions of law. *Schaudeck v. Commissioner of Social Security Administration*, 181 F.3d 429, 431 (3d Cir. 1999). With respect to factual issues, judicial review is limited to determining whether the Commissioner's decision is "supported by substantial evidence." 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). Congress clearly has expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as

2

adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him [or her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of Health & Human Services*, 841 F.2d 57, 59 (3d Cir. 1988); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful activity "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To support his or her ultimate findings, an administrative law judge must do more than simply state factual conclusions. He or she must make specific findings of fact. *Stewart v. Secretary of Health, Education & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). The administrative law judge must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence. *Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

The Social Security Administration ("SSA"), acting pursuant to its legislatively-delegated rulemaking authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (footnotes omitted).

Section 105 of the Contract With America Advancement Act of 1996 ("CWAAA") amended Titles II and XVI to provide that "an individual shall not be considered to be disabled" under the Social Security Act if "alcoholism or drug addiction" would be "a contributing factor material to the Commissioner's determination that the individual is disabled." Pub. L. No. 104-121, § 105; 110 Stat. 847, 852-853 (1996); 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). The Commissioner has promulgated regulations to implement the statutory mandate of the CWAAA. 20 C.F.R. §§ 404.1535, 416.935. Under the applicable regulations, the critical question is whether a claimant who is disabled as a result of drug or alcohol use would remain

4

disabled if he or she were to stop using those substances. 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1). If his or her disability would persist even after a cessation of drug or alcohol abuse, he or she is entitled to an award of benefits. 20 C.F.R. §§ 404.1535(b)(2)(ii), 416.935(b)(2)(ii). Conversely, if a claimant's disability would not remain in the absence of continuing drug or alcohol abuse, a finding of "materiality" is warranted, thereby requiring a denial of benefits. 20 C.F.R. §§ 404.1535(b)(2)(i), 416.935(b)(2)(i).

In an action in which review of an administrative determination is sought, the agency's decision cannot be affirmed on a ground other than that actually relied upon by the agency in making its decision. In *Securities & Exchange Commission v. Chenery Corp.*, 332 U.S. 194 (1947), the Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Id.* at 196. The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001). Thus, the Court's review is limited to the four corners of the ALJ's decision. *Cefalu v. Barnhart*, 387 F. Supp.2d 486, 491 (W.D. Pa. 2005).

**THE ALJ'S DECISION**

In his decision, the ALJ determined that Lukaszewicz had not engaged in substantial gainful activity subsequent to his alleged onset date. R. at 14. Lukaszewicz was found to be suffering from substance-use, bipolar and panic disorders. R. at 14. These impairments were

5

deemed to be "severe" within the meaning of 20 C.F.R. §§ 404.1520(a)(4)(ii) and 416.920(a)(4)(ii). R. at 14. The ALJ concluded that Lukaszewicz's impairments matched the criteria for Listings 12.06 ("Anxiety Related Disorders ") and 12.09 ("Substance Addiction Disorders"), thereby rendering him *per se* disabled at the third step of the sequential evaluation process. R. at 14.

Because the record contained evidence of alcohol abuse, the ALJ proceeded to address the issue of materiality under the CWAAA. R. at 16-19. It was determined that Lukaszewicz would not be *per se* disabled under Listings 12.06 and 12.09 if he were to stop consuming alcoholic beverages. R. at 16. In accordance with 20 C.F.R. §§ 404.1545 and 416.945, the ALJ assessed Lukaszewicz's residual functional capacity as follows:

> If the claimant stopped the substance use, he would have the residual functional capacity to perform work at any exertional level that does not require: more than simple, routine, repetitious tasks, with one- or two-step instructions; or strict production quotas, defined as the requirement to produce a specified number of units of work in a specified period of time; or more than occasional contact with coworkers or supervisors; or any contact with the public.

R. at 17. Lukaszewicz had past work experience as a cook. R. at 71. Dr. Reed testified that this position was classified as a "semi-skilled" job at the "medium" level of exertion. R. at 288-289. Since the ALJ's residual functional capacity assessment was incompatible with the performance of "semi-skilled" work, Lukaszewicz was found to be incapable of returning to his "past relevant work." R. at 18.

Lukaszewicz was born on March 3, 1975, making him twenty-eight years old on his alleged onset date and thirty-two years old on the date of the ALJ's decision. R. at 18, 53, 257. He was classified as a "younger person" under the Commissioner's regulations. 20 C.F.R. §§ 404.1563(c), 416.963(c). He had a "limited" education and an ability to communicate in

English.  R. at 64, 69, 269; 20 C.F.R. §§ 404.1564(b)(3), (5), 416.964(b)(3), (5).  Given the applicable residual functional capacity and vocational assessments, the ALJ concluded that Lukaszewicz would be able to work as a janitor, cleaner, hand packer or laborer if he were to stop consuming alcoholic beverages.  R. at 19.  Dr. Reed's testimony established that these jobs existed in the national economy for purposes of 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).  R. at 289-290.  Consequently, Lukaszewicz's alcohol abuse was found to be "a contributing factor material to" the finding of disability, thereby requiring a determination that he was not "disabled" within the meaning of the Act.  R. at 19; 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J).

**ANALYSIS**

In his opinion, the ALJ made the following observations:

> Reviewing federal circuit courts of appeal have established that it is the claimant's burden to prove that he would still be disabled in the absence of drug or alcohol addiction.  *See, e.g.*, *Brown v. Apfel*, 192 F.3d 492 (5th Cir. 1999).  The United States District Court for the Western District . . . of Pennsylvania, acknowledging that the Third Circuit Court of Appeals has not spoken to this issue, has held that the ALJ must identify at least some medical evidence in support of the holding that the claimant would no longer be disabled if he stopped drinking or taking drugs.  *Sklenar v. Barnhart*, 195 F. Supp.[2d] 696 (W.D. Pa. 2002).

R. at 16.  Relying on this portion of the ALJ's opinion, Lukaszewicz argues that the ALJ erroneously allocated the applicable burden of proof by requiring him to prove that his alcohol abuse was *not* "a contributing factor material to" his disability.  ECF No. 11 at 6-11.  Lukaszewicz bases his argument on "Emergency Message 96200" ("EM-96200"), which was issued by the Commissioner on August 30, 1996.  ECF No. 11 at 6.  EM-96200 advised that a finding of non-materiality was appropriate where an administrative law judge could not identify the limitations that would not remain with a claimant if he or she were to stop abusing drugs or alcohol.  EM-96200, Answer # 29.  Lukaszewicz characterizes this

7

administrative guidance as inconsistent with the holding in *Brown v. Apfel*, 192 F.3d 492 (5th Cir. 1999), which placed the burden of proving non-materiality on the claimant. *Brown*, 192 F.3d at 498. He contends that the Commissioner bears the burden of proving materiality in this context, that the holding in *Brown* was incorrect, and that the ALJ's decision applying *Brown* cannot be affirmed. ECF No. 11 at 7.

The United States Court of Appeals for the Third Circuit has not determined which party bears the burden of proving materiality (or non-materiality) in a case involving the CWAAA. *McGill v. Commissioner of Social Security*, 288 Fed. Appx. 50, 52 (3d Cir. 2008). Nevertheless, three other federal Courts of Appeals have followed the holding in *Brown* and concluded that the claimant in a Social Security disability proceeding bears the burden of proving non-materiality under circumstances in which the CWAAA is implicated. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007); *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001); *Pettit v. Apfel*, 218 F.3d 901, 903 (8th Cir. 2000). Lukaszewicz claims that these decisions are inconsistent not only with EM-96200, but also with *Salazar v. Barnhart*, 468 F.3d 615 (10th Cir. 2006), and *Ambrosini v. Astrue*, 727 F. Supp.2d 414 (W.D. Pa. 2010).[1] ECF No. 11 at 15. The decisions in *Salazar* and *Ambrosini* stand for the proposition that, "[w]here the effects of a claimant's underlying mental impairments cannot be separated from the effects of his or her substance abuse, a finding of materiality is not warranted." *Ambrosini*, 727 F. Supp.2d at 431 (citing *Salazar*, 468 F.3d at 622-25).

The Commissioner argues that the ALJ applied *Sklenar v. Barnhart*, 195 F. Supp.2d 696 (W.D. Pa. 2002), rather than *Brown*. ECF No. 14 at 8. In *Sklenar*, it was noted that an

---

[1] Although Lukaszewicz asserts that the holding in *Brown v. Apfel*, 192 F.3d 492 (5th Cir. 1999) is "inconsistent with Third Circuit case law and Supreme Court precedent," he fails to identify a decision of the United States Supreme Court or the United States Court of Appeals for the Third Circuit that supports his position. ECF No. 11 at 6.

administrative finding of materiality "must be supported by at least some medical evidence." *Sklenar*, 195 F. Supp.2d at 700. In an apparent effort to avoid the import of the ALJ's citation to *Brown*, the Commissioner contends that the ALJ applied the reasoning in *Sklenar* rather than the holding in *Brown*. ECF No. 14 at 8. While the parties appear to disagree as to which standard was applied, it is apparent from the face of the ALJ's decision that *both* standards were applied. R. at 16. There is no inconsistency between these two standards, however, because they speak to different issues.

As the Supreme Court recognized in *Schaffer v. Weast*, 546 U.S. 49 (2005), the term "burden of proof" has often been used to refer to "two distinct burdens." *Id.* at 56. A party bearing the "burden of production" has an obligation to make an evidentiary showing in support of his or her position. *Id.* A party bearing the "burden of persuasion" ordinarily loses whenever the competing evidence in a case is in equipoise. *Id.* These two burdens are often confused because, in a typical adversarial proceeding, the plaintiff bears both the burden of production and the burden of persuasion. *Henderson v. Shinseki*, ___U.S.___, 131 S. Ct. 1197, 1206 (2011).

Social Security disability proceedings conducted before the Commissioner, however, "are inquisitorial rather than adversarial." *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (plurality opinion). The Commissioner has a duty "to investigate the facts and develop the arguments both for and against granting benefits." *Id.* In determining whether a claimant is "disabled" within the meaning of the Act, the Commissioner must make factual *findings* that are judicially reviewable in the event that benefits are denied. 42 U.S.C. §§ 405(b)(1), (g), 1383(c)(1)(A), (3). Where the Commissioner's *findings* are "supported by substantial evidence," a reviewing court must accept them as "conclusive" even if it would have made different findings in a *de novo* proceeding. *Id.*; *Hartranft*, 181 F.3d at 360. A decision awarding benefits to a claimant is not

subject to further review, since the Commissioner cannot appeal his own decision. *Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990). Even after an administrative law judge has denied an application for benefits, the Commissioner does not oppose the claimant's request for administrative review. *Sims*, 530 U.S. at 111 ("The Commissioner's involvement in the Appeals Council's decision whether to grant review appears to be not as a litigant opposing the claimant, but rather just as an advisor to the Council regarding which cases are good candidates for the Council to review pursuant to its authority to review a case *sua sponte*.") (emphasis in original). Only a "final decision" denying a claimant's application for benefits is subject to judicial review. *Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Bacon v. Sullivan*, 969 F.2d 1517, 1519-1520 (3d Cir. 1992). No adversarial relationship exists between a claimant and the Commissioner until the claimant commences an official-capacity action against the Commissioner seeking judicial review of a decision denying his or her application for benefits. 42 U.S.C. §§ 405(g), 1383(c)(3). The relationship between a claimant and the Commissioner ceases to be adversarial when a case is remanded for further proceedings, since a later "decision" of the Commissioner denying the claimant's application for benefits can be reviewed only if the claimant commences a new civil action. *Shalala v. Schaefer*, 509 U.S. 292, 299-300 (1993).

It would make no sense for the Court to hold that the Commissioner bears the burden of *persuasion* with respect to the issue of materiality. Given that the Commissioner is charged with the duty of making *findings of fact*, he is the one who needs to be *persuaded* one way or the other. 42 U.S.C. §§ 405(b)(1), 1383(c)(1)(A). The Commissioner's role in an administrative proceeding, while different in many respects from the role played by a judge or jury in a typical trial, is more akin to that function than it is to the position of a party to litigation. At the administrative level, a Social Security disability proceeding is, for all intents and purposes,

an *ex parte* proceeding. *Sims*, 530 U.S. at 111 (explaining that the Commissioner has no representative who opposes a claimant's application for benefits).

The term "burden of proof," when employed in the Social Security disability context, typically refers to a burden of *production*. Since a claimant is in a better position to provide information about his or her own medical condition, he or she bears the burden of producing evidence establishing the existence of a "severe" impairment (or combination of impairments) at the second step of the sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). For similar reasons, a claimant must produce medical evidence relevant to a particular Listing in order to demonstrate that he or she is *per se* disabled at the third step of the process. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir. 1992). Because a claimant has subjective knowledge about his or her own work history, he or she must present evidence (*i.e.*, testimony and answers to written questionnaires) concerning the nature of his or her "past relevant work," as well as evidence relating to whether he or she has engaged in substantial gainful activity during the period of time at issue. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000) (recognizing that the claimant bears the "burden of proof" with respect to the first and fourth steps of the sequential evaluation process).

If a case proceeds to the fifth step of the sequential evaluation process, the "burden of production" shifts to the Commissioner. *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999). In order to satisfy this burden, the Commissioner is not required to *prove* anything about the claimant's medical condition. Instead, he must produce evidence establishing the existence of jobs in the national economy that could be maintained by an individual with the claimant's abilities and limitations. *Boone v. Barnhart*, 353 F.3d 203, 205 (3d Cir. 2003). The claimant's residual functional capacity must be determined *before* this burden of production shifts to the

Commissioner. *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999) ("The step five analysis is meant to determine, given the severity of the impairments already proven, whether there are jobs in the economy which a claimant can perform."). Indeed, the *same* residual functional capacity assessment is used at both the fourth and fifth steps of the sequential evaluation process. 20 C.F.R. §§ 404.1520(e)-(g), 416.920(e)-(g). At no point in the process is the Commissioner required to produce evidence specifically related to the claimant's medical condition. He bears only the burden of producing the type of vocational evidence (*i.e.*, the existence and requirements of particular jobs in the national economy) that is not readily available to an individual claimant. *Allen v. Barnhart*, 417 F.3d 396, 405-408 (3d Cir. 2005).

The question of whether "alcoholism or drug addiction" is "a contributing factor material to" a claimant's disability generally turns on medical information unique to the claimant rather than on general conditions in the national economy. For this reason, the United States Court of Appeals for the Fifth Circuit held in *Brown* that the claimant bears the burden of "proving" non-materiality, and that the Commissioner is not required to "prove" materiality. *Brown*, 192 F.3d at 498. After describing the legislative changes made by the CWAAA and discussing the applicable regulations, the Court in *Brown* concluded its analysis as follows:

> Finally, and most pragmatically, Brown is the party best suited to demonstrate whether she would still be disabled in the absence of drug or alcohol addiction. We are at a loss to discern how the Commissioner is supposed to make such a showing, the key evidence for which will be available most readily to Brown. We thus hold, for the first time, that Brown bears the burden of proving that drug or alcohol addiction is not a contributing factor material to her disability.

*Id.* This line of reasoning has been adopted by three other courts of appeals. *Parra*, 481 F.3d at 748; *Doughty*, 245 F.3d at 1278-1280; *Pettit*, 218 F.3d at 903.

12

As noted earlier, the Commissioner has a responsibility to "investigate" the circumstances of a claimant's situation and "develop arguments both for and against granting benefits." *Sims*, 530 U.S. at 111. For this reason, an administrative law judge acting on behalf of the Commissioner has a duty to facilitate the development of the evidentiary record before deciding to grant or deny an application for benefits. *Reefer v. Barnhart*, 326 F.3d 376, 380-381 (3d Cir. 2003). This duty extends not only to vocational inquiries, but also to inquiries involving a claimant's medical condition. For instance, a claimant who fails to submit sufficient evidence from treating sources to facilitate a determination as to whether he or she is disabled may be asked to undergo a consultative medical examination. 20 C.F.R. §§ 404.1517, 416.917. While an administrative law judge is not required to accept the opinions of treating sources at face value, he or she must ordinarily rely on other medical evidence in order to reject such opinions. *Morales v. Apfel*, 225 F.3d 310, 317-318 (3d Cir. 2000). In fulfilling this obligation, an administrative law judge must sometimes take an active role in seeking or obtaining evidence relating to matters that are subject to the *claimant's* burden of production. *Williams*, 970 F.2d at 1186 ("Because Williams did not meet his burden of production, the Secretary was not required to *submit conflicting evidence* to refute his claims.") (emphasis added). The mere fact that medical information is independently accessible to a claimant does not necessarily relieve the Commissioner of his obligation to take an active role in procuring that information. *Reefer*, 326 F.3d at 380-381.

These principles are all at play in cases involving the application of the CWAAA. Because a claimant is "the party best suited" to demonstrate the effect that "alcoholism or drug addiction" has (or does not have) on his or her ability (or inability) to work, he or she bears the burden of *producing* the medical information that will facilitate an orderly determination on

13

materiality. *Brown*, 192 F.3d at 498. If the evidence of non-materiality submitted by the claimant is viewed to be unreliable or inadequate, the presiding administrative law judge may need to take an active role in developing the record before granting or denying an application for benefits. *Id.* at 499 (recognizing the authority of an administrative law judge to order a consultative medical examination for the purpose of evaluating the issue of materiality); *McNatt v. Barnhart*, 464 F. Supp.2d 358, 368-369 (D. Del. 2006) (discussing reports supplied by medical examiners who had specifically addressed the issue of materiality). The ultimate findings of fact supporting the Commissioner's decision denying an application "must be supported by at least some medical evidence." *Sklenar*, 195 F. Supp.2d at 700. Such findings cannot be based solely on the "lay opinion" of an administrative law judge. *Id.* Furthermore, a finding of non-materiality is proper whenever the effects of a claimant's underlying impairments "cannot be separated from the effects of his or her substance abuse." *Ambrosini*, 727 F. Supp.2d at 431. Finally, the factual findings leading to a materiality determination, like all other factual findings supporting the denial of a claimant's application, are subject to judicial review under the "substantial evidence" standard. *Id.* at 430 ("While the evidence supporting a finding of materiality need not come in the form of expert psychiatric opinion evidence, it must be sufficiently probative to constitute 'substantial evidence' within the meaning of § 405(g).").

While Lukaszewicz views these principles to be internally contradictory, the decision of the United States Court of Appeals for the Eighth Circuit in *Brueggemann v. Barnhart*, 348 F.3d 689 (8th Cir. 2003) indicates the contrary. In *Brueggemann*, the court explained that, while "[t]he burden of proving that alcoholism [is] not a contributing factor material to [a] disability determination falls on [the claimant]," the Commissioner "retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding."

*Brueggemann*, 348 F.3d at 693. It was noted that the Commissioner, when presented with evidence suggesting that an otherwise "disabled" claimant suffers from "alcoholism or drug addiction," must determine "what limitations would remain in the absence of alcoholism or drug addiction" in order to make a finding as to materiality. *Id.* at 695. The court further declared that "an award of benefits must follow" whenever this process proves to be "indeterminate." *Id.* The analysis employed in *Brueggemann* harmonizes the precepts discussed in decisions like *Brown* and *Sklenar*, thereby providing a workable framework for considering the issue of materiality. The ALJ's reliance on *Brown* and *Sklenar* was proper. R. at 16.

It remains to be determined whether the ALJ's materiality finding in this case is "supported by substantial evidence." 42 U.S.C. § 405(g). Dr. Leon Kalson, a clinical psychologist, performed a consultative evaluation of Lukaszewicz on September 10, 2004. R. at 140-145. The evaluation revealed, among other things, that Lukaszewicz had a "marked" degree of limitation in his ability to interact appropriately with supervisors and co-workers. R. at 144. Dr. Kalson reported that Lukaszewicz needed to undergo further treatment before he would be able to meet "the stresses and demands of sustained gainful employment." R. at 142. Although Dr. Kalson did not render an opinion as to whether Lukaszewicz would still be "disabled" if he were to stop consuming alcoholic beverages, he stated that "abstinence" would help to alleviate Lukaszewicz's "underlying problems of anxiety, panic, [and] depression." R. at 145.

In July 2006, Lukaszewicz was hospitalized for eighteen days. R. at 248. He was apparently in an "alcohol-induced coma" at some point during his hospital stay. R. at 248. On February 20, 2007, Lukaszewicz was evaluated by Dr. Charles M. Cohen, a clinical psychologist. R. at 248-255. Lukaszewicz told Dr. Cohen that he had not consumed alcohol

15

subsequent to his hospitalization.  R. at 248.  Dr. Cohen suggested in his examination report that Lukaszewicz's condition had "improved somewhat" after he had "stopped drinking."  R. at 249.  After characterizing Lukaszewicz's prognosis as "[g]uarded," Dr. Cohen explained:

> This man apparently was a severe alcoholic.  He appears to be making a sincere effort to stop the use of substances and reports no use of alcohol for the past 7 months, several of which was during the time he was hospitalized.  He goes to AA meetings on a regular basis.  He is also in therapy.  He appears to be suffering from a bipolar disorder with some psychotic features that have improved somewhat in the last several months.  He does report a panic when he is closed in.  This man's functioning was not good today.  However, considering the length of time and the severity of his use of substances, it is possible that this will clear further as he remains sober.  At this point, his recovery is tenuous.  I do not feel currently he is capable of coming to work on time, of dealing effectively with authority figures or peers, or concentrating consistently enough to perform even simple, repetitive tasks.  If awarded benefits, I suggest they be funneled through a more responsible person until he establishes a full year without the use of substances.  I feel it would be important to see this man after he has been in sustained remission, that is, a full year without the use of substances in an uncontrolled environment, and would suggest strongly that he be reevaluated at that time to determine his mental status.

R. at 250-251.  In determining that Lukaszewicz's "alcoholism" was "a contributing factor material to" his disability, the ALJ placed some reliance on Dr. Cohen's prediction that Lukaszewicz's functioning would "clear further" if he were to refrain from consuming alcoholic beverages.  R. at 16.  The ALJ also supported his finding of materiality by pointing to evidence suggesting that Lukaszewicz's prior hospitalizations had been triggered by alcohol abuse, and that he had never been hospitalized for "symptoms of depression and anxiety" apart from those triggered by his use of alcohol.  R. at 16.

There are two problems with the ALJ's analysis.  First, Dr. Cohen indicated that Lukaszewicz had several "marked" and "extreme" limitations.  R. at 253.  Dr. Cohen reported that Lukaszewicz's prospects for recovery were "tenuous," and that it was "possible" that he would regain an acceptable level of functioning if he were to remain "sober."  R. at 251.

16

These speculative observations cannot be fairly characterized as "evidence" of materiality. Moreover, the fact that Lukaszewicz did not need to be hospitalized when he was not actively abusing alcohol does not mean that he was capable of working during those same periods of time. If Lukaszewicz's inability to work had itself been attributable to a need for frequent inpatient treatment, the absence of such a need during his periods of abstinence would have been probative evidence of materiality. *Kangas*, 823 F.2d at 778 (recognizing that a claimant cannot be expected to retain a full-time job if he or she suffers from a condition requiring "frequent hospitalizations"). In this case, however, the basis for Lukaszewicz's "disability" was his inability to function in the workplace even when he was not hospitalized. Dr. Cohen found Lukaszewicz to be incapable of working even though he had not been hospitalized (or consumed alcoholic beverages) for a period of seven months. R. at 248, 251. An ability to stay out of the hospital simply cannot be equated with an ability to engage in substantial gainful activity. *Smith v. Califano*, 637 F.2d 968, 971 (3d Cir. 1981) ("Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity.").

For these reasons, the ALJ's finding of materiality is not supported by substantial evidence. The only remaining question is whether a judicially-ordered award of benefits is warranted, or whether the proper remedy is a remand for further administrative proceedings. "An immediate award of benefits is appropriate only when the evidentiary record has been fully developed, and when the evidence as a whole clearly points in favor of a finding that the claimant is statutorily disabled." *Ambrosini*, 727 F. Supp.2d at 432.

Relying on EM-96200, Lukaszewicz argues that a "period of sobriety" lasting only thirty days is sufficient to enable the Commissioner to make a finding of non-materiality. ECF No. 11 at 11. This argument is unpersuasive under the present circumstances. The critical factual

17

question is whether Lukaszewicz's failure to regain his ability to work after seven months of abstinence warrants a finding that his inability to work "was expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). It may be true that, in some cases, a claimant's failure to improve within thirty days (or seven months) of abstinence can provide compelling evidence of non-materiality. In this case, however, Dr. Cohen specifically indicated that additional time was needed to determine whether Lukaszewicz would improve enough to facilitate his return to work. R. at 251. Dr. Cohen recommended that Lukaszewicz be reevaluated after going "a full year without the use of substances." R. at 251. It is not entirely clear whether Dr. Cohen believed that Lukaszewicz's inability to work was "expected to last" for the statutory twelve-month period. A remand for further proceedings would provide the Commissioner with an opportunity to explore this issue with the benefit of hindsight.[2] *Barnhart v. Walton*, 535 U.S. 212, 222-25 (2002). Lukaszewicz should be afforded the opportunity to present new evidence of non-materiality on remand, and the Commissioner should develop the record to the extent necessary to ascertain whether Lukaszewicz's "alcoholism" was " a contributing factor material to" his disability. *Thomas v. Commissioner of Social Security Administration*, 625 F.3d 798, 800-801 (3d Cir. 2010); 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J).

**CONCLUSION**

It is respectfully recommended that the Commissioner's Motion for Summary Judgment (ECF No. 13) be denied, and that Lukaszewicz's Motion for Summary Judgment (ECF No. 10)

---

[2] At the hearing, Lukaszewicz testified that he did not *want* to work as a security guard because he feared for his safety. R. at 277. He also stated that he did not *know* whether he could show up for work on a consistent basis. R. at 277. In light of this testimony, it cannot be said that an immediate award of benefits is justified.

be denied to the extent that it requests an immediate award of benefits but granted to the extent that it seeks a vacation of the Commissioner's decision. It is further recommended that the case be remanded for administrative proceedings consistent with this Report and Recommendation.

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1) (B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation must be filed by June 13, 2011. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Responses to objections are due by June 30, 2011.

May 27, 2011 _____
Cathy Bissoon
United States Magistrate Judge

cc: All counsel of record